WALL *v.* TOWN OF CLAYTON *et al.*

HOLDEN, J.    Under the evidence in this case, the trial judge did not abuse his discretion in refusing to grant an injunction.

*Judgment affirmed.    All the Justices concur.*

Argued January 14,—Decided March 27, 1908.

Petition for injunction.    Before Judge Kimsey.    Rabun superior court.    November 14, 1907.

LaFayette Wall brought suit against the town of Clayton and its municipal authorities for an injunction.    In his petition he alleged, that he was the owner and in possession of a certain strip of land; that with a view to broadening a street in the town, the defendants had threatened and were about to enter upon said land and appropriate it to the public use; that the defendants had no title or claim of title to the property, and had no authority to condemn it; that the defendants were about to enter upon the land and appropriate it to public purposes without condemnation and without first paying to the plaintiff just compensation; that no effort had been made first to obtain said land by contract with the plaintiff, and that no proceedings of any kind had been instituted in accordance with law for the purpose of condemning his property.    The defendants answered, denying all the plaintiff's allegations, except that he was the owner of the property and was in possession thereof; which, for lack of information, they neither admitted nor denied, and they asked that the plaintiff be held to strict proof of these allegations.    They further set up, in the answer, that the property was used as a public street from some time in 1874, for a period of 15, if not 20 years; that the plaintiff, without any authority, moved his fence out into the street and took in the land in controversy or the greater portion of it.    They alleged, that they had a right to a street over the property, by prescription, if not by direct grant or deed, but, notwithstanding this, they were negotiating with the plaintiff for the purpose of obtaining an agreement on his part to allow the land to be used as a street, and had no intention of so using it until such negotiations should fail; that they do not intend and have not threatened to enter upon any of the property of the plaintiff for the purpose of using it as a street, except such as they already have a right of way over for such purpose, unless they should decide it to be necessary, and not

then, unless they acquire a right to legally condemn it for public use in compliance with law. Affidavits were attached to the petition and the answer; and upon the hearing, the petition, the answer, and these affidavits were introduced in evidence. The plaintiff introduced in evidence a certified copy of an ordinance dated September 17, 1907, passed by the town council, condemning, for the purpose of building a sidewalk, the property in controversy, which ordinance recites that the land is in the possession of the plaintiff. The plaintiff testified, that on September 23, 1907, he received through the mail a notice of said ordinance from the clerk of the town council; that he had no notice of any kind of such condemnation of his property; that he did not take possession of any part of the street of the defendants, nor did the defendants get any prescriptive right to the use of the land for a street or other purpose. T. L. Bynum, a witness for the plaintiff, testified, that on October 17, 1907, he had a conversation with one of the defendants, who told him that the defendants intended to use the land for street purposes, and intended to test their right to do so. R. E. A. Hamby, a witness for the plaintiff, testified, that he saw the marshal of the town a few days before suit was filed, and told him he would see the plaintiff and see if the matter could not be amicably adjusted without suit, but did not tell him that he would have it amicably adjusted, and that he asked the marshal to see the council and ask them to rescind their illegal condemnation. The witness saw the plaintiff, who would not agree to let the defendants have the land without compensation. T. L. Bynum, a witness for the plaintiff, testified that the mayor told him, before the suit was filed, that the council intended to carry out its order and use the property of the plaintiff. A witness for the defendants testified, that the plaintiff had had his fence moved in several times so as to take in, from the street, part of the land in controversy. The marshal of the town testified, that Mr. Hamby, attorney for the plaintiff, requested him to see the other defendants and ask them to postpone any action in regard to taking the property, and said that he would have the matter amicably adjusted. The witness communicated this request to the other defendants, and they were awaiting such adjustment, when they first learned that the suit was brought. The judge refused an injunction, and the plaintiff excepted.

*T. L. Bynum, R. E. A. Hamby,* and *Spencer R. Atkinson,* for plaintiff.

---

## OGLES *v.* NASHVILLE, CHATTANOOGA AND SAINT LOUIS RAILWAY COMPANY.

A paid his own money to a railroad agent, for which the agent agreed to issue a railroad ticket and cause it to be delivered at a distant place to B, the married daughter of A, to be used by B in traveling over the road of the agent's principal, in coming to the home of A. The agent failed to issue the ticket or to cause a ticket to be issued and delivered to B. Because of failure to receive the ticket, B was delayed in making the trip, and suffered injury. Suit was instituted against the railroad company by B, for damages alleged to have resulted from a breach of contract. *Held,* that there was no privity of contract between B and the railroad company, and that the petition was open to general demurrer.

Argued January 15,—Decided March 27, 1908.

Action for damages. Before Judge Wright. Floyd superior court. March 25, 1907.

*Sharp & Sharp* and *W. M. Henry,* for plaintiff.

*Dean & Dean,* for defendant.

ATKINSON, J. This is a suit for damages. In her petition the plaintiff alleged, that the defendant was a railroad company with an agent in Rome, Ga.; that defendant's line of road connected at Marietta with the road of the Louisville & Nashville Railroad Company, which operated a line of railroad through Canton, Ga.; that the two companies were connecting carriers and had traffic arrangements with each other by which each company was authorized to sell tickets and transportation over the entire line between Rome and Canton; that on August 7, 1906, petitioner's husband was in Rome, Ga., where he had gone to live, and where she intended to go and join him; that petitioner was boarding at the time in Canton, Ga., and had no money with which to pay her board or to pay her railway fare from Canton to Rome; that she was unwell and unable to work and take care of herself, and for that reason it was necessary that she go to her husband at the home of her father in Rome, Ga.; "that on said date petitioner's father went to the defendant in Rome and stated to this defendant there that he wished to buy a ticket for his daughter, your pe-